Wright, J.,
delivered the opinion of the Court.
This is- a bill, in which complainant seeks to redeem a tract of land, upon the ground that he made a valid tender of a sum sufficient for that purpose, or, if not, that what took place between him and the purchaser, *217 excused him from any further effort to redeem, and clothed him with the equitable title. We have not been able to arrive at the conclusion that he is entitled so to redeem, and think the Chancellor’s decree dismissing his bill, was proper. The right of redemption is one of strict law, and if the Statutes authorizing it, be not complied with, nothing is acquired, and the estate remains with the purchaser. In order to support the averment of a tender of money, it is necessary for the party to show that the precise sum, or more, was actually produced and offered to him to whom it is to be paid : 2 Green. Ev., sec. 601. It must be in sight, and capable of immediate delivery, to show, that, if the purchaser were willing to accept it, it was ready to be paid. If it be in bags, held under the party’s arm, and not laid on the table, or otherwise actually offered to the party entitled to receive it, it is not sufficient: 2 Greenl. Ev., sec. 602. The production of the money is dispensed with, if the party is ready and willing to pay the sum, and is about to produce it, but is prevented by the party to whom it is to be paid, declaring that he will not receive it; but his bare refusal to receive the sum proposed and demanding more, is not alone sufficient to excuse an actual tender. The money must be actually at hand, and ready to be produced immediately, if it should be accepted : as, for example, if it be in the next room, or up stairs, for if it be a mile off, and can be borrowed and produced in five minutes, or being a bank check it be not actually drawn, it is not sufficient: 2 Greenleaf's Ev., sec. 603; 4 Hum., 490. Now testing the case by these principles, we do not find the requisite facts to enable us to pronounce a decree for complainant. The answers positively deny the *218 tender and other matter set up in the bill for relief; and the proof, we think, is insufficient to raise the equity claimed. It is not pretended that what took place between complainant and defendant Howard, the purchaser, when complainant asked him if he would allow him to redeem with Tennessee bank paper, and he replied, he would not, can be of any avail to complainant, since we do not understand that he then had any money of any kind, or intended that as an attempt at redemption. We take it as proved, that Howard then told complainant he might redeem with South Carolina bank notes; but in the subsequent interview between the parties, on the same day, and which is the one relied on to raise the equity, we are not able, from anything in this record ; satisfactorily to say that complainant had a sum sufficient to redeem either in South Carolina or other money. He, to be sure, declared he had the South Carolina money, and wanted to redeem, but no sum was stated, or money shown, or produced; and if the money which Mr. Campbell saw him have on that day, and which, on the next day, he borrowed of him, be taken as the true amount which he had at the time of the interview, it was wholly insufficient. The bid of Howard — the purchaser — was $403.50. Complainant, at the first interview, had no South Carolina money, for he so declared, and had to go and get it elsewhere. Mr: Campbell cannot state the precise sum he saw him have,, and which he borrowed of him. It may have been 1200 or $300, or may not have been more than $130. Such particular proof as this, and that furnished too on the part of complainant, showing the insufficiency of the sum, is calculated prima facie to repel the contrary presumption, if any there be, arising *219 from bis declaration to Howard, that he had the South Carolina money. It was very easy for him, if he really had the necessary amount, to produce and prove it; and the obscurity in which he involves his case, leads us to distrust his entire claim. It is true, as we think, that Howard had no right to impose upon him, the condition of paying the mortgage debt to Arnold, which had been assigned to him, and that the exaction of this sum was so much over and above what he had a right to demand. But as we have seen, this did not excuse an actual tender, and certainly does not dispense with the necessity of proof on the part of complainant, that he actually had the requisite amount of money at hand, and ready to be produced, in order to accomplish the redemption.
Though we are satisfied from the proof, that Howard in the interview last above stated, told complainant that Arnold had redeemed, or put his mortgage debt upon the land, and that if he redeemed of him, he must not only pay his bid, but also the debt to Arnold, yet we do not understand, that either Howard or complainant regarded Arnold as the proper person of whom he was to redeem, and that on that account he declined to have further action with Howard on the subject. Arnold had just before assigned his debt to Howard, with the understanding that whoever came to redeem the land, should be required by Howard to pay, both his bid and Arnold’s debt, which being so collected by the former, should be paid over to the latter, who then agreed that he would, at some future day, redeem the land of Howard. But whatever may have been Howard’s opinion as to the legal effect of this arrangement, it is clear it was really no redemption by Arnold, and that Howard still remained the proper per *220 son of whom redemption must be had, and that he and Arnold, and, as we think, complainant, must all have so understood it. Howard did not intimate to complainant, nor could he, as we think, have so understood him, that he must go to Arnold to redeem; but that, on the contrary, he might redeem of him, but before doing so, he must not only pay his bid, but also Arnold’s debt, and it was this latter requirement, (if complainant was in earnest about redeeming,) which caused further negotiation between them to cease. This conclusion is fortified by the fact, that' complainant made no . effort to redeem of Arnold, which he would have done, if he were sincere in his attempt to redeem, and had really believed that Arnold had legally redeemed of Howard. In this view of the facts, which we think the correct one, there is no foundation on which to impute fraud to Howard, or to excuse complainant from making a proper tender. There are other grounds on which, perhaps, the same results might be reached, but we have deemed it unnecessary to consider them.
The decree of the Chancellor will be .affirmed with costs.